### JIM THURMAN v. THE STATE.

#### No. 4474. Decided May 16, 1917.

#### Rehearing granted June 13, 1917.

**1.—Carrying Pistol—Transcript—Indictment—Rehearing.**

Where, upon an appeal from a conviction of unlawfully carrying a pistol, the transcript failed to set out the indictment, etc., the appeal must be dismissed. However, in the motion for rehearing, the State having filed a proper transcript containing the indictment, the appeal is reinstated.

**2.—Recognizance—Appeal Bond—Practice on Appeal.**

Where, after the adjournment of court, appellant entered into a bond, but did not enter into a recognizance during term time, the appeal must be dismissed.

Appeal from the District Court of Mason. Tried below before the Hon. N. T. Stubbs.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred and twenty-five dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying a pistol, his punishment being assessed at a fine of $125.

The transcript is somewhat peculiar. It recites on the 5th of October, 1916, the grand jury returned the indictment. On the 9th of March, 1917, there was a judgment entered assessing a fine of $125; and there is a judgment on March 10th overruling the motion for new trial, and entering notice of appeal, and granting twenty days after adjournment of court in which to make up and file statement of facts and bills of exception. This is all of it. There is no caption to the transcript; it does not show what court tried the case, or when it opened and adjourned. The indictment is not in the record. The statement of facts and bills of exception are not included, if any were filed. Without the indictment being in the transcript there is no basis for the prosecution. Where an indictment is relied upon as a basis of the prosecution or charge upon which the party is tried, it must be sent up in the record. Under our law, constitutional, statutory and decisions, it is necessary and prerequisite to a prosecution and conviction of a citizen of this State that he either have a complaint and information, if in the County Court, filed against him, or if in the District Court by an act of the grand jury an indictment. Without these necessary papers the State has preferred no charge against appellant, and there is no basis for the prosecution.

The judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

ON REHEARING.

June 13, 1917.

DAVIDSON, PRESIDING JUDGE.—At a former day of the term the judgment herein was reversed and the prosecution dismissed as shown by the original opinion. In a motion for rehearing filed by the State it is made to appear by proper transcript that an indictment was returned to form the basis of the prosecution, and the motion, therefore, to reinstate the case will be granted and disposed of on the record as now before the court.

There are neither bills of exception nor a statement of facts in the

record. This is a misdemeanor conviction for violating the pistol law. ·After the adjournment of court appellant entered into a. bond but did not enter into a recognizance during term time. The bond can not be regarded as a compliance with the law requiring a recognizance where the party desires to appeal, and for this reason the appeal will be dismissed.

*Dismissed.*